

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD L. PORTER,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>RAY MABUS, Secretary of the<br>Department of the Navy;[*] et al.,<br><br>               Defendants - Appellees. | No. 13-16208<br><br>D.C. No. 1:06-cv-00880-LJO-SMS<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 13, 2015[***]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Ronald L. Porter appeals pro se from the district court's order awarding

---

[*]     Ray Mabus has been substituted for his predecessor, Donald C. Winter, as Secretary of the Department of the Navy under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Porter's request for oral argument set forth in his reply brief.

attorney's fees and costs in his employment action alleging retaliation and gender discrimination. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The record supports the district court's award of attorney's fees and costs. *See* 42 U.S.C. § 2000e–5(k) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee"); 29 C.F.R. § 1614.501(e) (an award of reasonable attorney's fees allowable only for "services performed . . . after the filing of a written complaint, provided that the attorney provides reasonable notice of representation to the agency . . . , except that fees are allowable for a reasonable period of time prior to the notification of representation for any services performed in reaching a determination to represent the complainant"); *see also Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991) (pro se plaintiffs are not entitled to attorney's fees). Contrary to Porter's contentions, the district court reviewed de novo the administrative award of attorney's fees and costs.

The district court properly denied Porter's motion to compel discovery because Porter did not require documents from defendant to establish either his costs incurred in the administrative proceedings before he was represented by counsel or his attorney's fees and costs. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (setting forth standard of review).

We reject Porter's contentions that the district court was required to hold a

trial, and that he was prejudiced by not receiving notice of the requirements to oppose summary judgment. *See Rand v. Rowland*, 154 F.3d 952, 957-58 (9th Cir. 1998) (en banc) (special notice requirements do not apply to non-prisoner pro se plaintiffs).

Porter's requests for fees and costs on appeal, as set forth in his reply brief, are denied.

**AFFIRMED.**